ALEXANDER MILLER, ETC., v. MARIA P. POPE, ETC.

**Appeal—Necessity of Objection.**

Where records of other cases were properly before the trial court upon a trial of a motion to file appellants' petition, appellants can not be heard to complain in the Court of Appeals that they were prejudiced in the lower court by certain proceedings to which they at the time interposed no objection.

**Appeal—Reversal—Practice in Trial Court.**

Whether the practice complained of in a trial court was regular or irregular, it can not authorize a reversal, unless it is shown to have been prejudicial to the substantial rights of appellants.

APPEAL FROM JEFFERSON CIRCUIT COURT.

December 20, 1872.

OPINION BY JUDGE LINDSAY:

It seems from the bill of exceptions that upon the trial of the motion of appellants to file their petition, the record of the case of the *City of Louisville v. Miller and Others*, in the Louisville city court, the entire record of this action and of the action of *Hancock v. Miller* and other consolidated causes in the Jefferson Court of Common Pleas, were read and considered by the court. It is not shown at whose instance these records were considered; nor does it appear that either party objected to the action of the court in the premises.

The entire record in the case was properly before the court for all the purposes of this action, and the records in the cases of *Hancock v. Miller* and the other causes consolidated therewith were mentioned by appellants in their petition and made parts of it. Hence upon the motion, as the court had the right to adjudge whether from the petition and the exhibits appellants showed themselves entitled to any character of relief, these records were properly before it, and from the bill of exceptions we must presume that the record from the city court was considered without objection. Such being the case, appellants can not be heard to complain in this court, that they were prejudiced in the court below by certain proceedings to which at the time they interposed no objection. None

of the records considered by the court of common pleas have been brought before this court. The bill of exceptions informs us what evidence was heard but the records themselves are not incorporated into it, nor in any other way made a part of the record upon which this appeal is prosecuted.

From the brief filed by appellants' counsel we may assume that copies of each of them except the case in the Louisville city court are on file in the clerk's office of this court, but even as to these there is no consent by appellees that they shall be considered upon the trial of this appeal.

Without a complete record of all the matters upon which the court below acted we can not adjudge that it erred in refusing to permit the petition to be filed, as to transfer the case with the funds in its custody to the Louisville Chancery Court.

Whether the practice complained of in this case be irregular or not, it does not authorize a reversal unless it can be made to appear that it resulted prejudicially to the substantial rights of appellants. The imperfect record before us fails to show such result, wherefore the judgments appealed from are *affirmed*.

*John M. Harlan, for appellants.*

*St. John Boyle, for appellees.*